UNITED STATES OF AMERICA
IN THE DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| LEROY GATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  07-cv-_____ |
| | ) | |
| EAGLE WINGS INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**Complaint and Jury Demand**

NOW COMES LEROY GATSON, Plaintiff, by his attorneys, ZIMMERLY, GADAU, SELIN and OTTO, and for his complaint against the Defendant, EAGLE WINGS INDUSTRIES, INC., a corporation, alleges and says as follows:

**Jurisdiction**

1. This Court has jurisdiction of this cause of action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3),29 U.S.C. § 216 (b),  29 U.S.C. § 2617(a)(2), 42 U.S.C. §1981a and  42 U.S.C. §2000e *et. seq.*

2. This action is to secure protection and redress for the deprivation of rights secured by 42 U.S.C. §1981a and 42 U.S.C. §2000e-5 (Title VII of the Civil Rights Act of 1964, as amended), and 29 U.S.C. § 2601 *et. seq.* (Family and Medical Leave Act.)

**Parties**

3. Plaintiff is an American citizen, of the black race, residing in Champaign County, Illinois.

4. Defendant is an Illinois Corporation doing business at 400 Shelhouse Drive, in the Village of Rantoul, County of Champaign, Illinois.  At all times relevant hereto, Defendant has employed more than 500 employees.

**Facts Common to All Counts**

5. Plaintiff worked as a welder for Defendant from October 30, 2000 until he was terminated on October 23, 2005, and had worked more than 1,250 hours in the 12 months preceding his termination.

6. Pursuant to Defendant's "Associate Handbook," a full-time, non-probationary employee, such as Plaintiff, received one point each time the employee was late or absent, and an absence of up to four consecutive working days because of personal illness, with appropriate documentation, was charged one point.

7. Pursuant to said "Associate Handbook," an employee would receive an oral warning at five points; a written warning at seven points and is discharged at nine points.

8. Pursuant to said "Associate Handbook," an employee is entitled to a medical leave of absence for any medical absence of five (5) consecutive work days.

9. Pursuant to said "Associate Handbook," an employee, with children in school, is entitled to eight (8) hours per academic year for school visitation without the accumulation of attendance points.

10. Prior to October 17, 2005, Plaintiff had missed time from work to visit his daughter's school, for which he received absenteeism points.

11. On the night of October 17, 2005, Plaintiff suffered an injury to his back, which resulted an inflamed sciatic nerve in his back and leg for which he was treated on October 18, 2005 by Dr. Sparenberg of Carle Clinic who ordered him to remain off of work until October 26,2005.

12. Plaintiff delivered to Defendant the documentation from Dr. Sparenberg regarding his

need to be off of work and his return date.

13. Despite the policies of Defendant's Associate Handbook, the requirements of the Illinois School Visitation Rights Act, 820 ILCS 147/1, *et. seq.* and the Family and Medical Leave Act, 28 U.S.C. §2606 *et. seq.*, the Defendant gave Plaintiff points, totaling nine (9) points and terminated him.

**Count I - Cause of Action Under 29 U.S.C. § 2601 *et. seq.* (Family and Medical Leave Act)**

14. Plaintiff incorporates herein paragraphs 1 through 13 of the Complaint as if fully set forth herein again.

15. Defendant gave as its reason for the discharge of Plaintiff that he was excessively absent.

16. Defendant included medical absences protected by the Family and Medical Leave Act in attempting to justify the termination of Plaintiff for excessive absences.

17. The termination by Defendant of Plaintiff interfered with Plaintiff's exercise of his rights under the Family and Medical Leave Act.

18. Plaintiff suffered loss of income and fringe benefits, including health insurance and retirement contributions, loss of the opportunity of professional advancement, mental anguish and suffering, and will lose such income and benefits and suffer from mental anguish in the future as a direct and proximate result of the violation by the defendant of the Family and Medical Leave Act (29 U.S.C. § 2601.)

WHEREFORE, plaintiff respectfully requests this court to:

a. Enter a declaratory judgment that defendant's acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of plaintiff as secured by 29 U.S.C. § 2601.

    b.    Grant plaintiff a preliminary and a permanent injunction requiring defendant to reinstate plaintiff and enjoining defendant, its agents, successors, employees, attorneys and other representatives, and all those acting in concert with it, and at its direction from engaging in any employment policy or practice against plaintiff on the basis of her exercise of her rights under the Family and Medical Leave Act.

    c.    Grant plaintiff judgment for back pay, reimbursement for loss of seniority, reimbursement for loss of fringe benefits, reimbursement for loss of professional advancement and growth and damages for mental anguish and suffering.

    d.    In the event the Court declines to order reinstatement of plaintiff, grant plaintiff judgment for front pay until plaintiff is 65 years old, and reimbursement of future loss of fringe benefits, and future mental anguish and suffering.

    e.    Enter a judgment for liquidated damages in an amount in an amount equal to the damages incurred by the Plaintiff.

    f.    Award plaintiff his costs, disbursements and reasonable attorneys' fees.

    g.    Award plaintiff such additional relief as the court deems just and proper.

Plaintiff demands trial by jury.

**Count II - Cause of Action Under 42 U.S.C. 2000e (Race Discrimination)**

19. Plaintiff incorporates herein Paragraphs 1 through 13 of the Complaint as if fully set forth herein again.

20. White employees who had medical emergencies requiring them to be off for five (5) days or more were given a medical leave and were not given attendance points, resulting in termination.

21. White employees who were required to take time off for school visitation were not given attendance points.

22. Plaintiff was subjected to unequal terms and conditions of employment because of his race (black) in that he was given attendance points for school visitation and for medical emergencies, resulting in enough points to terminate Plaintiff while white employees were not given such points.

23. The acts of Defendant were done intentionally to discriminate against Plaintiff because of his race.

24. As the proximate result of Defendant's discrimination, Plaintiff has suffered from loss of income and fringe benefits, loss of seniority and from emotional anguish and distress.

25. Plaintiff filed a timely complaint with the Equal Employment Opportunity Commission. Said Commission thereafter issued a notice of right to sue to plaintiff, which he received on May 11, 2007. Plaintiff has brought this action prior to the expiration of 90 days from receipt of said notice of right to sue, hence all jurisdictional prerequisites to sue have been fully met.

26. Plaintiff suffered loss of income and fringe benefits, including health insurance and retirement contributions, loss of the opportunity of professional advancement, mental anguish and suffering, and will lose such income and benefits and suffer from mental anguish in the future as a direct and proximate result of the violation by the defendant of 42 U.S.C. §2000e.

WHEREFORE, plaintiff respectfully requests this court to:

a. Enter a declaratory judgment that defendant's acts, policies, practices and

procedures complained of herein have violated and continue to violate the rights of plaintiff as secured by 42 U.S.C. §2000e.

b. Grant plaintiff a preliminary and a permanent injunction requiring defendant to reinstate plaintiff and enjoining defendant, its agents, successors, employees, attorneys and other representatives, and all those acting in concert with it, and at its direction from engaging in any employment policy or practice against plaintiff on the basis of race.

c. Grant plaintiff judgment for back pay, reimbursement for loss of seniority, reimbursement for loss of fringe benefits, reimbursement for loss of professional advancement and growth and damages for mental anguish and suffering.

d. In the event the Court declines to order reinstatement of plaintiff, grant plaintiff judgment for front pay until plaintiff is 65 years old, and reimbursement of future loss of fringe benefits, and future mental anguish and suffering.

e. Enter a judgment for punitive damages in an amount determined by the fact-finder sufficient to punish the Defendant for its violation of plaintiff's rights and to deter defendant and others from similar future violations.

f. Award plaintiff his costs, disbursements and reasonable attorneys' fees.

g. Award plaintiff such additional relief as the court deems just and proper.

Plaintiff demands trial by jury.

## Count III - Cause of Action Under 42 U.S.C. § 1981

27. Plaintiff incorporates herein Paragraphs 1 through 13 and 19 through 26 as if fully set forth herein again.

28. The conduct of Defendant as enumerated herein impairs Plaintiff's right to make and enforce contracts in violation of 42 U.S.C. § 1981.

WHEREFORE, plaintiff respectfully requests this court to:

h. Enter a declaratory judgment that defendant's acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of plaintiff as secured by 42 U.S.C. §1981.

i. Grant plaintiff a preliminary and a permanent injunction requiring defendant to reinstate plaintiff and enjoining defendant, its agents, successors, employees, attorneys and other representatives, and all those acting in concert with it, and at its direction from engaging in any employment policy or practice against plaintiff on the basis of race.

j. Grant plaintiff judgment for back pay, reimbursement for loss of seniority, reimbursement for loss of fringe benefits, reimbursement for loss of professional advancement and growth and damages for mental anguish and suffering.

k. In the event the Court declines to order reinstatement of plaintiff, grant plaintiff judgment for front pay until plaintiff is 65 years old, and reimbursement of future loss of fringe benefits, and future mental anguish and suffering.

l. Enter a judgment for punitive damages in an amount determined by the fact-finder sufficient to punish the Defendant for its violation of plaintiff's rights and to deter defendant and others from similar future violations.

m. Award plaintiff his costs, disbursements and reasonable attorneys' fees.

n. Award plaintiff such additional relief as the court deems just and proper.

Plaintiff demands trial by jury.

Dated: December 1, 2004.                                          Leroy Gatson, Plaintiff

                                                                  By:/S/  John H. Otto, Attorney
                                                                  ARDC No. 3128621

John H. Otto
Zimmerly, Gadau, Selin and Otto
116 N. Chestnut, Suite 200
Champaign, IL 61821
(217)352-7676
Fax (217)352-8090
Email: Johnhotto@ameritech.net